881 So.2d 300 (2004)
Robert M. COOLEY, Appellant,
v.
William BRAWNER, Appellee.
No. 2002-CA-01549-COA.
Court of Appeals of Mississippi.
April 6, 2004.
Rehearing Denied June 15, 2004.
Certiorari Denied September 2, 2004.
*301 Ron L. Woodruff, Jim Waide, Tupelo, attorneys for appellant.
Clinton M. Guenther, Tommie G. Williams, Greenwood, attorneys for appellee.
Before KING, P.J., BRIDGES and LEE, JJ.
KING, P.J., for the Court.
¶ 1. Robert Cooley brought a medical malpractice action against Dr. William Brawner. On August 27, 2002, the Circuit Court of Lee County dismissed the complaint. Aggrieved by the dismissal, Cooley has appealed and asserts the following issues:
1. Whether service of process on a party's receptionist, who represents herself to be the party's appointed agent is proper service pursuant to Rule 4 of the Mississippi Rules of Civil Procedure, especially when there is no doubt that the receptionist handed the papers to the party.
2. Whether fraudulent misrepresentation committed by a party's employee as a receptionist, in the ordinary course and scope of her employment, represents good cause for serving process within 120 days, especially when the party showed due diligence by immediately reserving the papers when he had notice that service of process was contested.

STATEMENT OF FACTS
¶ 2. On October 25, 1999, Cooley saw Dr. Brawner at the Tupelo Eye Clinic for problems associated with his left eye. Cooley asserts that Dr. Brawner negligently failed to diagnose a detached retina which resulted in a substantial loss of vision in his left eye.
¶ 3. On October 11, 2001, Cooley filed a complaint against Dr. Brawner for medical malpractice in the Circuit Court of Lee County. The process was also issued on October 11, 2001.
¶ 4. On February 1, 2001, Leanna Weathers, a process server, served the complaint and the summons on Shirlene Davis, the receptionist at Tupelo Eye Clinic where Dr. Brawner is employed. Dr. Brawner was not personally served.
¶ 5. On March 1, 2002, without answering the complaint, Dr. Brawner filed a motion to dismiss claiming that service was not made within 120 days of the complaint's being filed. The 120 days was calculated by both parties to be February 8, 2002. Dr. Brawner claims that he was not personally served as required by Mississippi Rules of Civil Procedure Rule 4 because his receptionist was not his agent for service by appointment or by law.
¶ 6. On August 19, 2002, the trial judge held a hearing on the motion. The trial judge found that service of the complaint upon Dr. Brawner's receptionist was not effective service, and no good cause had been shown why service was not effectuated within 120 days. The trial judge entered an order dismissing the complaint on August 27, 2002.

ISSUES AND ANALYSIS

I.

Whether service of process on a party's receptionist, who represents herself to be the party's appointed agent is proper service pursuant to Rule 4 of the Mississippi Rules of Civil Procedure, especially when there is no doubt that the receptionist handed the papers to the party.
¶ 7. Cooley contends that Shirlene Davis, Dr. Brawner's receptionist, satisfies *302 the definition of an agent for the purposes of Rule 4 of the Mississippi Rules of Civil Procedure and thus, service was properly effectuated on February 1, 2002, within the 120 day time period.
¶ 8. Our analysis begins with a review of the applicable provision of Mississippi Rule of Civil Procedure 4(d)(1)(A) which states:
The summons and complaint shall be served together. Service by sheriff or process server shall be made as follows:
(1) Upon an individual other than an unmarried infant or a mentally incompetent person, (A) by delivering a copy of the summons and of the complaint to him personally or to an agent authorized by appointment or by law to receive service of process[.]

(emphasis added).
¶ 9. There is no argument by either party that the receptionist was a lawfully designated agent to receive service of process for Dr. Brawner. The issue is whether the receptionist through custom and practice had a de facto appointment to receive service of process. The resolution of this issue requires that principles of agency law be considered.
¶ 10. "An agent may have either express authority to receive process on behalf of the defendant, or may enjoy apparent authority." Jeffrey Jackson, Mary Miller, Ronald C. Morton, & Justin Matheny, Civil Procedure, 2 Ency. of Miss. Law § 13:33 (Jeffrey Jackson & Mary Miller eds.2001). Express agents are actual agents who have been in fact authorized by the principal to act on their behalf. 2A C.J.S. Agency § 20 (1972). An apparent or ostensible agent is one whom the principal has intentionally or by want of ordinary care induced third parties to believe is his agent, although no authority has been conferred on him either expressly or by implication. Id. An apparent agent is one who reasonably appears by third parties to be the authorized agent of the principal. Id.
¶ 11. The question of whether or not a person has apparent authority is a factual issue to be decided by the chancellor or by the jury, if in the circuit court. Clow Corp. v. J.D. Mullican, Inc. 356 So.2d 579, 583 (Miss.1978), citing McPherson v. McLendon, 221 So.2d 75 (Miss.1969).
¶ 12. No live testimony was offered on the motion. However, the affidavits of both Davis, Dr. Brawner's receptionist, and Weathers, the process server, were made a part of the record on the motion.
¶ 13. Davis' affidavit, presented by the defense, stated that her duties as receptionist "are simply to answer the phone and to check patients in and out." Davis' affidavit stated that an unidentified female came in the office on February 1, 2002, and delivered an envelope, and that at no time did the woman identify herself or the contents of the envelope. Davis stated that the unidentified woman said that the envelope contained "legal papers" for Dr. Brawner.
¶ 14. Weathers' affidavit stated that she delivered a copy of a complaint and summons for Dr. Brawner to Tupelo Eye Clinic. Weathers stated that she spoke with a female behind the desk and told her that she had "legal papers to serve Dr. Brawner with" and that the female behind the desk told Weathers "to give them to her." Weathers states that the woman never indicated that she was not the proper person to receive the legal papers.
¶ 15. Neither woman was questioned during the hearing. No effort was made to identify the patterns and practices of this office. No effort was made to clarify whether Dr. Brawner's receptionist fully understood what was taking place, or the *303 nature of the act. The evidence before this Court is insufficient to make a determination that Davis was a de facto agent for Dr. Brawner. In the absence of sufficient factual information, this Court, like the circuit court, must hold that Davis was not the agent of Dr. Brawner. This opinion is not intended to suggest that there can never be such a finding of agency, but merely that the facts before this Court do not justify such a finding.

II.

Whether fraudulent misrepresentation committed by a party's employee as a receptionist, in the ordinary course and scope of her employment, represents good cause for serving process within 120 days, especially when the party showed due diligence by immediately reserving the papers when he had notice that service of process was contested
¶ 16. Having found in issue I, that Cooley failed to present sufficient evidence to support the contention that the receptionist was Dr. Brawner's agent, we hold this issue to be moot.
¶ 17. THE JUDGMENT OF THE CIRCUIT COURT OF LEE COUNTY IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE TAXED TO THE APPELLANT.
McMILLIN, C.J., SOUTHWICK, P.J., BRIDGES, THOMAS, LEE, IRVING, MYERS, AND GRIFFIS, JJ., CONCUR. CHANDLER, J., NOT PARTICIPATING.